884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven J. CONLEY, Conley-Appellant,
v.
Melvin RIGDON; Davis Martin; Jenetta Dandridge; Ted
Arnold; Angel Navarro; James Hager, Defendants-Appellees.
 No. 89-5239.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Steven J. Conley, appeals an order of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Conley, proceeding in forma pauperis, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Kentucky. As the basis of his claim for monetary damages, he alleged that defendants had secured a 9 month deferment in his eligibility for parole by filing an incident report accusing him of violating the conditions of his prison furlough. In particular, Conley maintained that defendants had fabricated evidence against him, provided testimony in conflict with that supplied by other witnesses, and failed to properly investigate his case. The district court, however, determined that Conley's claims were frivolous and dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d). Conley then filed this appeal.
 
 
 3
 A district court may properly dismiss a complaint filed in forma pauperis for reason of frivolity under 28 U.S.C. Sec. 1915(d) if it can conclude that the Conley's claims lack a basis in either law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). In the instant appeal Conley's claims lack any legal basis as he simply has no interest in his future eligibility for release on parole sufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 9-11 (1979); Ky.Rev.Stat. Sec. 439.340.
 
 
 4
 Accordingly, the motion for appointment of counsel is denied and the district court's final order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.